**Philip A. Seplow, Esq.**
**Attorney AZ #004859**
**8808 North Central Ave. #278**
**Phoenix, AZ 85020**
**Tel: (602) 254-8817**
**PhilipSeplowLaw@gmail.com**
**barkerpas@gmail.com**
**Attorney for Eagles Denashu Begay**

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| **United States of America,** <br> **Plaintiff**, <br><br> **vs.** <br><br> **Eagles Denashu Begay** <br> **Defendant.** | Case No. 3:21-CR-08065-1-DLR <br><br> **SENTENCING** <br> **MEMORANDUM** |

COMES NOW THE DEFENDANT, Eagles Denashu Begay, by and through undersigned counsel and submits his Sentencing Memorandum to this Honorable Court. There will also be a Disposition Memorandum which will be filed in conjunction with this Memorandum in the companion case.

In the classic movie, Forest Gump, the term "stupid is as stupid does, is a theme that weaves in and out of the film. There is no question that the activities I which Eagles Begay participated after being placed on Supervised Release could be described as the epitome of "not very smart." And before this

Sentencing Memorandum progresses any further, the elephant in the room, the unfortunate death of Evelio Hernandez, must be initially addressed. As Y.C.. wrote in her November 8, 2002, poignant letter to the Court, Evelio might not have been an Ange in life, and on the date of his death, contrary to the Government's portrayal of the tragic event, Mr. Begay thought that not only himself and his companions were in dire danger, but that his step-mother was in mortal danger. And even though the incident ended in the death of Mr. Hernandez, the Government offered Mr. Begay a plea to involuntary manslaughter and the Court sanctioned the plea agreement by accepting the plea. This was not an event where the Defendant went looking for trouble, but an event where trouble literally came to his door around midnight, and that trouble (a person) was seen to have a gun in his hand via a camera and monitor.

The Defense cannot ignore the heartache, as described by the widow that the children have suffered by their loss, but the event of July 22, 2017, has been adjudicated, and the entire family of Eagles Denashu Begay have expressed and will always continue to express their sorrow and sympathy in that regard. One cannot emphasize enough that Mr. Begay believed he was coming to the defense of another and at the same time, protecting his property.

Pivoting back to "stupid is as stupid does," during this time period (May of 2021), the Defendant was suffering from his own methamphetamine

addiction. To his credit, he believes he has now placed that addiction under control, although he recognizes that he will always be an addict and will have to fight every day of his life not to succumb to any illicit drug temptations.

This Memorandum is also written with the hope and expectation that this Honorable Court will recognize and sustain the several Objections to the Presentence Investigation Report (PSR) authored by U.S. Probation Officer, Jonathan P. Spano, which would reduce the sentencing range as found in the United States Sentencing Guideline chart. Those Objections are incorporated by reference is if they were fully set forth in this Memorandum.

18 USC Sec. 3553 spells out important traits, characteristics, and circumstances to be considered when imposing a criminal justice sentence. Right off the bat, the statute mandates that the Court "shall impose a sentence sufficient, but not greater than necessary to comply with . . . the sentencing statute itself.

The nature and circumstances of the offense to which Mr. Begay pleaded guilty involves the illegal possession of ammunition, and possession with intent to distribute cocaine. These two crimes, in and of themselves, doesn't even come close to meriting the type (length) of sentence the Government is recommending.

A sentence at the very bottom of the guideline range (or as it turns out in this case, the bottom end of the stipulation which is 60 months – five years) is more than sufficient and not greater than necessary to:

1) Reflect the seriousness of the offense;

2) To afford adequate deterrence to criminal conduct;

3) To protect the public from further crimes of the defendant (although the Defendant insists that the verbiage there is misleading because he will not be committing any crimes in the future); and

4) To provide Mr. Begay with the needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

There are a myriad of people, family and friends, who can attest to Eagles Begay's concern for other people. The unselfish things he would do, even if not asked, to help others in need. Even his organizing of his Native American Militia was created with good intentions. There were many Native American young men who received a purpose in their lives. Instead of drinking alcohol and taking illegal drugs to pass their days, they at least were involved in group activities, that once again, were meant to be helpful to the Nation. One could say that it would have been better for some of the members to actually join the military instead of playing soldier, but for assorted reasons, many of the militia members did not have the specific qualifications to join the armed services.

Eagles has a plan to ensure that when he is released from the Bureau of Prisons, that he will be able to contribute greatly to his community and his Country. He has great interest in firefighting as well as furthering his knowledge of the law by becoming a certified paralegal. As an aside, his skills in working as a paralegal has served him well while being housed at CoreCivic. He has helped many detainees understand their circumstances and has offered creatively healthy resolutions for many of the detainee's plights. Indeed, he successfully eliminated the extra criminal history point as proffered in Document #86 (PSR), paragraph #43, as he successfully had the possession of drug paraphernalia conviction expunged in the Kingman Justice Court (Docket # CR 201501026).

Remembering that this Court will also have an option to run the companion case (The Disposition) either concurrently or consecutively, and if the Court sustains some of the objections (if not all) in regard to the PSR, a sentence of five years would be sufficient but not more than necessary to support the Federal sentencing scheme. A sixty month sentence would still be sufficient if this Court ran this sentence concurrently with the Supervised Release violation.

**RESPECTFULLY submitted** this 7th day of December, 2022.

s/ Philip A. Seplow
Attorney for Defendant Eagles Begay

# **CERTIFICATE OF SERVICE**

I hereby certify that on December 7, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following registrants:

    Mr. Alexander Samuels, Esquire
    Assistant United States Attorney

    Mr. Jonathan P. Spano
    Probation Officer

The Defendant will be provided a copy of the above.

*s/ Philip Seplow*